IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

 Petitioner,

vs.          CIVIL ACTION NO.: CV514-007

WILLIAM BECHTOLD, Warden,

 Respondent.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Camp-Low in Coleman, Florida, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to attack the sentence he received in this Court. For the reasons which follow, Williams' petition should be **DISMISSED**. Williams' Motion to Proceed *In Forma Pauperis* is **DENIED**.

## STATEMENT OF THE CASE

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term, 10 years'

supervised release, and a $200.00 special assessment. Williams filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008).

Williams filed a section 2255 motion in which he asserted he received ineffective assistance of trial counsel. The undersigned recommended that Williams' initial motion be denied, and Judge Moore adopted this recommendation as the opinion of the Court. (CV508-34, Doc. Nos. 4, 61). Williams filed post-judgment motions and other pleadings in CV508-34, including a motion to amend or to re-open the case based upon his claims of actual innocence and ineffective assistance of counsel. (CV508-34, Doc. No. 154).

Williams filed another § 2255 motion in which he alleged that he received ineffective assistance of appellate counsel because his attorney on appeal would not argue that his trial counsel was ineffective and because his appellate counsel refused to file a motion for a new trial. Williams also alleged that he was denied the right to have a psychological evaluation for his post-traumatic stress disorder for which he has been treated for 30 years. Williams contended that he was denied his right to confront witnesses at trial, in violation of the Sixth Amendment. Williams averred that he was arrested without a warrant and that he was improperly under electronic surveillance, in violation of the Fourth Amendment. Williams asserted that Judge Moore was biased and had a conflict of interest. Finally, Williams asserted he was convicted in the absence of evidence other than hearsay. The undersigned recommended that Williams' motion be dismissed as a successive section 2255 motion. Judge Moore adopted the Report and Recommendation as the opinion of the Court, and Williams' motion was dismissed. (CV509-104, Doc. Nos. 33, 38). Williams filed post-judgment pleadings in

AO 72A
(Rev. 8/82)

that case, as well, such as a motion for a new trial based on newly discovered evidence and a claim based on actual innocence. (CV509-104, Doc. Nos. 46, 54).

Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his right to confront witnesses at trial was violated. Williams also asserted that the only evidence introduced at trial was hearsay and that he should be granted a new trial. Williams averred that he was incompetent to stand trial, his counsel was ineffective, he should have been afforded a psychological evaluation, and the electronic surveillance conducted was illegal. According to Williams, his convictions and sentences resulted in a miscarriage of justice. The undersigned recommended that Williams' petition be dismissed, and Judge Moore adopted this recommendation as the opinion of the Court. (CV511-18, Doc. No. 13).

In another section 2241 petition, Williams asserted that he was denied his right to prove his actual innocence. Williams contended that he also was denied his right to: have a voice test, confront witnesses, and a psychological evaluation. Williams contended that he is being detained illegally. The undersigned recommended that petition be dismissed. The Honorable J. Randal Hall adopted this recommendation as the opinion of the Court, over Williams' objections. (CV511-118, Doc. Nos. 5, 8, 9).

Williams asserted in yet another section 2241 petition that his sentence should be reduced based on new law. Williams also asserted that his sentence was enhanced without benefit of a hearing. Williams also asserted that he was mentally incompetent to stand trial. The undersigned recommended that this petition be dismissed, and Judge Hall adopted this recommendation as the opinion of the Court, over Williams'

AO 72A
(Rev. 8/82)

objections. (CV512-72, Doc. Nos. 13, 18, 20). Judge Hall denied Williams' motion for reconsideration. (Id. at Doc. Nos. 22, 23).

In this petition, Williams maintains that the government failed to notify him that it was seeking an enhancement. Williams avers that he has not been given the right to challenge the legality of his sentence. Williams contends that he should have the opportunity to challenge the prior convictions used to enhance his sentence.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). In those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

4

AO 72A
(Rev. 8/82)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (alteration in original) (quoting Wofford, 177 F.3d at 1244 (11th Cir. 1999). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (internal punctuation and citations omitted).

The Eleventh Circuit has "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (alterations in original). However, the holding in Wofford established "two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

5

Id. "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Smith, 503 F. App'x at 765 (citation omitted).

Williams has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. In addition, Williams has brought his claims on several previous occasions and was unsuccessful. In other words, Williams has not satisfied the requirements of § 2255's savings clause. Williams, 713 F.3d at 1343. Because Williams has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Williams cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Williams is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245. Williams is not entitled to relief pursuant to 42 U.S.C. § 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 be **DISMISSED**.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 21st day of April, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)