IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,           *
                                *
        Petitioner,             *
                                *
    v.                          *        CV 514-007
                                *
WILLIAM BECHTOLD, Warden,        *
                                *
        Respondent.             *

---

**O R D E R**

---

Petitioner filed the instant motion seeking reconsideration of this Court's Order denying his "Motion to Reopen Under Newly Discovery [sic] Evident [sic]." (Docs. 22 & 23.) Because Petitioner filed a notice of appeal prior to the filing of his motion for reconsideration, the Court must first determine if it has jurisdiction to consider the motion. Ordinarily, "the filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) (alteration and internal quotation marks omitted). However, "a motion for reconsideration filed after a notice of appeal, but within the time for filing an appeal, reinvests a district court with jurisdiction to reconsider its order." United States v. King, No. 5:06-cr-79(HL), 2008 WL 2511778, at *1 (M.D. Ga. June 19, 2008) (citing United States

v. Greenwood, 974 F.2d 1449, 1467-70 (5th Cir. 1992)). Petitioner has timely filed both his notice of appeal and subsequent motion for reconsideration under Federal Rule of Appellate Procedure 4(a), and thus this Court is reinvested with jurisdiction to consider the motion.

Turning to the merits of Petitioner's request, he seeks to reopen his § 2241 petition (doc. 1), which was dismissed on August 12, 2014 (doc. 18). Specifically, Petitioner alleges that new authority not available when he filed his first habeas petition has come to light that warrants reopening his case. Petitioner's motion to reopen was ultimately denied as both untimely and offering "nothing to alter the Judgment entered in this case." (Doc. 23.) With his motion for reconsideration, Petitioner fails to raise any grounds justifying reconsideration. Indeed, Petitioner raises the same issues that were addressed by the Court's Order denying Petitioner's motion to reopen and fails to present any new evidence that was unavailable at the time of his motion to reopen. Accordingly, Petitioner's motion (doc. 27) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___19th___ day of February, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA