IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS, | * | |
| Petitioner, | * | |
| v. | * | CV 514-007 |
| WILLIAM BECHTOLD, Warden, | * | |
| Respondent. | * | |

**O R D E R**

Petitioner filed the instant motion seeking to set aside the judgment against him under Federal Rule of Civil Procedure (60)(b)(5). (Doc. 29.) Petitioner alleges that the Government failed to provide him with notice of its intent to seek an enhancement in his sentence and that his counsel on appeal was ineffective.

As a preliminary matter, Petitioner's motion raises issues strikingly similar to his previous motion to reopen and motion for reconsideration,[1] which were denied. (Docs. 23, 28.) Petitioner has filed notices of appeal for each denial. (Docs. 24, 30.) As such, the Court seriously questions whether it has jurisdiction to address Petitioner's motion. Indeed, "[t]he

---
[1] The allegations are identical with the exception of the added ineffective assistance claim.

filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). As such, a "district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or aid in the execution of a judgment that has not been superseded." Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc., 895 F.2d 711, 713 (11th Cir. 1990).

Even assuming this Court may hear Petitioner's motion with the notices of appeal pending, Petitioner's claim still must fail. First, Defendant seeks relief under Rule 60(b),[2] a civil rule, in his criminal case. However, "[a] defendant cannot challenge [criminal judgments] at issue under the Federal Rules of *Civil* Procedure." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (emphasis in original); see also United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009) ("[W]e have held that Rule 60(b) does not provide relief from a

---

[2] Rule 60(b)(5), which Petitioner cites as the basis for his motion, provides relief only where "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." The Court fails to see how this provision is applicable in the instant case. Even assuming Petitioner intended to invoke Rule 60(b)(4) — "the judgment is void" — such a motion necessarily fails for the reasons stated herein.

2

judgment in a criminal case."). Thus, to the extent Defendant seeks to attack the judgment under Rule 60, such a claim is **DENIED**.

Even so, "[f]ederal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Here, Defendant attempts to argue that the judgment against him was void. Thus, the only possible relief Defendant could seek would be under 28 U.S.C. § 2255, which covers claims of a "right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." As Petitioner himself recognizes, he has filed a number of post-conviction motions, the dismissal of which form the basis for his present appeals. The Eleventh Circuit has very clearly held, however, that a district court must "dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1258 (11th Cir. 2009). No such order has been issued. Accordingly, and even assuming this Court has jurisdiction in light of the pending notices of appeal, the Court lacks subject matter jurisdiction over

3

Petitioner's motion for post-conviction relief. For the reasons stated herein, Petitioner's motion (doc. 29) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of March, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA