IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,            *
                                 *
        Petitioner,              *
                                 *
  v.                             *    CV 514-007
                                 *
WILLIAM BECHTOLD, Warden,        *
                                 *
        Respondent.              *

**O R D E R**

Currently before the Court are the following motions by Petitioner Franklin L. Williams: a motion for reconsideration (doc. 47); motion for leave to appeal *in forma pauperis* ("IFP") (doc. 51); and a second motion for leave to appeal *in forma pauperis* (doc 53). These motions are just three of many Mr. Williams has filed in this Court. On January 23, 2014, Mr. Williams filed his petition for writ of habeas corpus and a motion for leave to proceed *in forma pauperis*. (Docs. 1 & 2.) The United States Magistrate Judge denied the motion to proceed IFP (doc. 3) on April 21, 2014, and this Court dismissed Mr. Williams's § 2241 petition on August 12, 2014 (doc. 18). This Court then denied Mr. Williams's motion to reopen the case (docs. 22 & 23), motion for reconsideration (docs. 27 & 28), and motion to set aside judgment (docs. 29 & 32). Mr. Williams appealed each of these Orders. (Docs. 24, 30, & 33.) While on

appeal, the Eleventh Circuit denied Mr. Williams's motion to appeal IFP this Court's rulings on his motion to reopen and his motion for reconsideration. (Doc. 36.) Mr. Williams then asked this Court for permission to appeal the same rulings IFP. (Doc. 37.) Because he gave no reason for the Court to do so, and because the Eleventh Circuit had already denied his request, the Court denied his motion. (Doc. 38.) The Eleventh Circuit subsequently denied Mr. Williams's motion to appeal IFP this Court's ruling on his motion to set aside judgment and dismissed his case for failure to prosecute. (Docs. 41, 42, & 43.) Mr. Williams then moved to stay the Eleventh Circuit's proceedings, which the Court denied. (Docs. 45, 46.) Mr. Williams then filed the current motion for reconsideration (doc. 47) and a notice of appeal (doc. 48) with respect to the Court's Order (doc. 46) on his motion to stay. Mr. Williams then moved to proceed IFP with respect to that appeal. (Doc. 51.)

1. **Motion to Reconsider**

Regarding Mr. Williams's motion to reconsider, he is raising the same arguments that he has already raised and fails to raise any grounds justifying reconsideration. Accordingly, Mr. Williams's motion for reconsideration (doc 47) is **DENIED**.

2. **Motions to Appeal IFP**

On the Court's docket, there are currently two motions to proceed IFP. Upon review of those motions, however, it appears that Mr. Williams has actually only moved to appeal IFP with

2

respect to the Court's Order denying his motion to stay because docket entry 51 contains only an affidavit while docket entry 53 contains Mr. Williams's actual request to appeal IFP. Accordingly, the Court will treat these two motions as one.

The requirements for litigants seeking to proceed IFP on appeal are set forth in 28 U.S.C. § 1915. In addition to the financial requirements, § 1915(a)(3) provides that "[a]n appeal may not be taken IFP if the trial court certifies in writing that it is not taken in good faith." A defendant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. United States v. Buitrago, No. 96-00067-CR, 2009 WL 2076324, at *2 (S.D. Fla. July 13, 2009) (citing Coppedge v. United States, 369 U.S. 438 (1962)). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." Falu v. Potter, No. 08-0059-WS-C, 2008 WL 2949549, at *2 (S.D. Ala. July 30, 2008). In deciding whether an IFP appeal is frivolous, the district court determines whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded."[1] Busch v. Cnty. of Volusia, 189 F.R.D. 687, 693 (M.D. Fla. 1999) (citing Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991)). In fact,

---

[1] However, "[t]he good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit." Ellis v. United States, 356 U.S. 674, 674-75 (1958).

3

"[a]pplication may be denied if it appears — objectively — that the appeal cannot succeed as a matter of law." Id. at 692.

Additionally, under Federal Rule of Appellate Procedure 24(a)(1), a party to a district court action who seeks to appeal IFP must file a motion and an affidavit in the district court that (A) details the party's inability to pay or to give security for fees and costs, (B) claims an entitlement to redress, and (C) states the legal issues on appeal. "If a party fails to state the legal issues to be raised on appeal, permission to appeal [IFP] should be denied." Schmitt v. United States Office of Pers. Mgmt., No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *1 (M.D. Fla. Oct. 19, 2009). Thus, under § 1915 and Rule 24, two requirements must be satisfied in order to proceed on IFP on appeal. First, the party must show an inability to pay. Second, the appeal must be brought in good faith.

Here, Mr. Williams has failed to state a non-frivolous issue that he intends to appeal. His request simply states that he intends to appeal the Court's ruling and requests permission to do so IFP. (Doc. 53.) Similarly, Mr. Williams's notice of appeal fails to provide a non-frivolous issue for appeal. (Doc. 48.) The notice indicates that Mr. Williams is arguing that the Court did not review the merits of his Motion to Stay (doc. 45). The Court did address the merits of his motion and explained that it does not possess the authority to stay a ruling of the Eleventh Circuit. (Doc. 46.) Because he has failed to present a

non-frivolous issue for appeal, Mr. Williams's motion to appeal IFP is **DENIED**.

Although the Court treats the two docket entries as the same motion to appeal IFP, the entries could be interpreted as two separate motions. In that case, each would be denied. First, neither would provide a non-frivolous issue for appeal, and one (doc. 53) would fail to provide the necessary financial requirements. Furthermore, construing the two entries as separate requests would mean that Mr. Williams is attempting to appeal the Court's ruling on his motion for reconsideration, which the Court had not yet addressed at the time he filed his appeal. Accordingly, if the two entries are intended to be separate motions, the Court **DENIES** both.

**ORDER ENTERED** at Augusta, Georgia this 26th day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA