IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

WARDEN WILLIAM BECHTOLD,

    Respondent.

CIVIL ACTION NO.: 5:14-cv-7

## ORDER

Presently before the Court is Petitioner Franklin Williams' ("Williams") Rule 60(b) Motion. (Doc. 65.) For the reasons which follow, the Court **DENIES** Williams' Motion.

## BACKGROUND

This Court dismissed Williams' 28 U.S.C. § 2241 Petition on August 12, 2014. (Doc. 18.) Since that time, Williams has filed various post-judgment motions, including a Motion to Reopen Case, Motions for Reconsideration, and a Motion to Set Aside Judgment. (Docs. 22, 27, 29, 47, 58.) The Court denied all of Williams' Motions. (Docs. 23, 28, 32, 57, 61.) Still undeterred by his lack of success in this Court, Williams has filed the instant Motion pursuant to Federal Rule of Civil Procedure 60(b)(2).

According to Williams, the attorney who represented him during his post-conviction proceedings filed an unsuccessful appeal on Williams' behalf without his knowledge, and this attorney submitted a voucher for payment under the Criminal Justice Act ("CJA"), even though Williams did not want appointed counsel. (Doc. 65, pp. 2–4.) Williams asserts he discovered this information from the Eleventh Circuit Court of Appeals on September 16, 2016, at which

time he was given a copy of the docket sheet from his appeal. (Id. at p. 1.) Williams attached a copy of this docket sheet and an excerpt from the Eleventh Circuit's determination on his direct appeal to his Motion. (Doc. 65-1, pp. 6–11.)

## DISCUSSION

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move" for relief under Rule 59(b). Fed. R. Civ. P. 60(b)(2). This newly discovered evidence "must be sufficiently material so as to alter the previous judgment." Whitmire v. Georgia, No. 2:09-CV-0218, 2010 WL 1489975, at *1 (N.D. Ga. Apr. 13, 2010) (citing Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta, 530 F.3d 1339, 1358 (11th Cir. 2008)). A Rule 60(b)(2) motion is an extraordinary motion, and "the requirements of the rule must be strictly met." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). "For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." Williams v. Darden, No. CV 411-213, 2016 WL 6139926, at *1 n.2 (S.D. Ga. Oct. 21, 2016) (internal citations omitted).

Williams has not met any of the requirements showing he is entitled to relief pursuant to Rule 60(b)(2). First and foremost, Williams' assertion that he did not learn of an appellate decision until September 16, 2016, is completely lacking in credibility. Williams has used excerpts from the Eleventh Circuit's opinion in his direct appeal as attachments to his

2

voluminous filings with this Court well before September 2016, even in this very case. (See, e.g., Doc. 1, p. 8.) Additionally, even if this Court were to consider this "evidence" to be newly-discovered, Plaintiff would not have shown due diligence in discovering this evidence. Williams' own filings reveal that the Eleventh Circuit issued Williams' attorney a CJA appointment of counsel letter on June 29, 2007, (doc. 66-1, p. 8), and that information has been readily accessible through the Eleventh Circuit's records since that time. Moreover, even if he did not learn of this information until September 2016, Williams has failed to provide any explanation as to how he could not have discovered this information in the more than nine years' time which elapsed from the time the CJA letter was issued and his purported recent discovery of this information. Further, this "evidence" is cumulative of assertions Williams has made repeatedly regarding his appellate counsel's assistance. Finally, not only is this "evidence" not material, it certainly is not "sufficiently material so as to alter" the Court's judgment in this case or in Williams' criminal case, Case Number 5:06-cr-14.

## CONCLUSION

For all of these reasons, the Court **DENIES** Williams' Motion. This case remains **CLOSED**.

**SO ORDERED**, this _____ day of March, 2017.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA